IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MONTEZ L. FULLER,**

    **Petitioner,**

**v.**                                    **No. 10-cv-267-DRH**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Pending before the Court are petitioner Montez L. Fuller's motions for leave to amend 2255 petition pursuant to Fed. R. Civil [sic] P. 15(a) and (c) (Doc. 19) and for reconsideration pursuant to Fed. R. Civ. P. 59(e) (Doc. 20). The Court **DENIES** petitioner's motions.

## BACKGROUND

On April 12, 2010, pursuant to 28 U.S.C. § 2255, petitioner filed a motion to vacate, set aside, or correct his sentence (Doc. 1). The government responded to petitioner's motion on January 25, 2011 (Doc. 10). Petitioner did not timely reply.

Thus, on March 28, 2011, petitioner motioned for leave to respond to the government's response (Doc. 12). However, the Court denied petitioner's motion pursuant to Local Rule 7.1(c), as he did not file a reply brief within fourteen days of the government's response and did not state "exceptional circumstances"

warranting a reply (Doc. 13) (citing SDIL-LR 7.1(c)). Since the Court's initial denial of petitioner's request, he has twice unsuccessfully attempted to supplement his petition (*See* Docs. 14 and 17). The Court denied the aforementioned requests, as petitioner did not present "a change in the law or facts that occurred after the filing of [his] brief" (*See* Doc. 15) (citing SDIL-LR 7.1(c)). Petitioner merely sought to supplement his petition with case law decided prior to the filing of his Section 2255 petition. Moreover, petitioner argued he did not initially reply to the government's response due to his preoccupation with "other legal matters" (*See* Doc. 17).

## MOTION FOR LEAVE TO AMEND DENIED

Instantly, the Court must deny petitioner's third attempt to supplement his Section 2255 petition. Petitioner seeks to supplement his petition with a multitude of facts known prior to his Section 2255's filing (*See* Doc. 19). Incorporating the reasoning of the Court's previous denials, the Court must again deny petitioner's motion, as he has not demonstrated "a change in the law or facts that occurred after the filing of [his] brief" necessitates supplemental authority. *See* SDIL-LR 7.1(c). Moreover, petitioner has once again failed to cite "exceptional circumstances" requiring the filing of a reply brief. *See id.* Accordingly, the Court **DENIES** petitioner's motion for leave to amend 2255 petition pursuant to Fed. R. Civil [sic] P. 15(a) and (c) (Doc. 19).

### MOTION FOR RECONSIDERATION DENIED

Additionally, petitioner requests that the Court reconsider its August 15, 2011 Order denying petitioner's motion for leave to amend his Section 2255 petition (Doc. 20). Petitioner argues the Court's denial "misapplied the law," as it did not grant petitioner leave to supplement his petition with attached exhibits and affidavits. As stated above, the Court denied petitioner's request due to his failure to comply with the applicable local rules; rules the Court had gratuitously quoted to petitioner previously (*See* Docs. 13 and 15). As petitioner has not stated adequate reasons necessitating a different outcome, the Court **DENIES** petitioner's motion (Doc. 20).

### CONCLUSION

For the aforementioned reasons, the Court **DENIES** petitioner's motion for leave to amend 2255 petition pursuant to Fed. R. Civil [sic] P. 15(a) and (c) (Doc. 19). Additionally, it **DENIES** petitioner's motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) (Doc. 20).

**IT IS SO ORDERED.**

Signed this 17th day of January, 2012.

David R. Herndon
2012.01.17
16:42:28 -06'00'

**Chief Judge**
**United States District Court**