IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MONTEZ L. FULLER,

    Petitioner,

v.                                                                Case No. 10-cv-267-DRH

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM & ORDER

HERNDON, Chief Judge:

### I. INTRODUCTION

Pending before the Court is petitioner Montez L. Fuller's motion for reconsideration pursuant to FEDERAL RULE OF CIVIL PROCEDURE 59(e) from the Court's Order denying his 28 U.S.C. § 2255 petition (Doc. 30). Petitioner contends that the Court made various manifest errors of law in denying his petition. For the Following reasons, the Court **DENIES** petitioner's motion.

### II. LAW AND APPLICATION

The FEDERAL RULES OF CIVIL PROCEDURE do not expressly contemplate motions to "reconsider." However, the Seventh Circuit has held district courts should automatically consider motions challenging the merits of a district court order under Rule 59(e) or Rule 60(b). *See Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). Instantly, petitioner filed his motion within 28 days of the entry of the challenged

Order.  *See* FED. R. CIV. P. 59(e) (stating, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment").

However, "whether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it."  *Obriecht v. Raemisch,* 517 F.3d 489, 493 (7th Cir. 2008) (emphasis in original) (citing *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006) (holding, "the former approach- that no matter what their substance, all post-judgment motions filed within [28] days of judgment would be construed as Rule 59(e) motions no longer applies")). As petitioner purportedly challenges the Court's substantive application of law, the Court treats his motion as one under Rule 59(e).  *See Obriecht*, 517 F.3d at 493-94.

A motion for reconsideration serves the limited function of allowing a court to correct manifest errors of law or fact or to present newly-discovered evidence. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1270 (7th Cir. 1996); *see also Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.,* 762 F.2d 557, 561 (7th Cir. 1985). Thus, Rule 59(e) allows a court to alter or amend a previous order only if the movant demonstrates a manifest error of law or presents newly discovered evidence. *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007). However, it is well-settled that it is improper "to advance argument or theories that could and should have been made before the district court rendered a judgment." *Id.* (citing *LB Credit Corp. v. Resolution Trust Corp.,*

49 F.3d 1263, 1267 (7th Cir. 1995)). Accordingly, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse*, 90 F.3d at 1270.

Petitioner instantly challenges the legal and factual bases of the Court's May 22, 2012 Order denying petitioner's Section 2255 petition and dismissing his claims with prejudice. The Order dismissing petitioner's claims also rendered numerous motions filed subsequent to his petition moot; namely, petitioner's frivolous and unsupported motion for summary judgment (Doc. 23), to which the government responded (Doc. 25). Petitioner feels the Court's mooting of his summary judgment motion was a manifest error of law, as it did not "adjudicate" said motion "on the merits."

The RULES GOVERNING SECTION 2255 PROCEEDINGS provide the procedure under which this Court determines the merits of a pending Section 2255 petition. Generally, the petitioner files an application specifying all the grounds for relief available to the moving party, stating the facts supporting each ground. *See id.* at 2. Following a preliminary review and referral to the judge who conducted the trial and imposed sentence, *id.* at 4, the government is ordered to respond to petitioner's claims. *Id.* at 5. Thereafter, petitioner is permitted to submit a reply to respondent's answer, provided he complies with time frames fixed by the judge. *Id*. At that point, a Section 2255 petition is ripe for review.

Notably, in the instant case, petitioner did not reply within the time frame permitted, nor did he offer adequate circumstances excusing his repeated and flagrant disregard for this Court's Local Rules regarding replies. *See* SDIL-LR 7.1(c). Thus, this Court repeatedly refused his attempts to file an inexcusably late reply (*See* Docs. 13, 15, 18, 22). Therefore, petitioner's Section 2255 petition was ripe upon the government's filing of its response. However, in a final attempt to improperly advance arguments and introduce supportive materials regarding petitioner's then-pending Section 2255 petition, petitioner filed a document titled, "motion for summary judgment pursuant to FED. R. CIV. P. 56(a)," on March 30, 2012 (Doc. 23). Importantly, said motion merely reiterates claims alleged in his Section 2255 petition and additionally raises facts not previously brought to the Court's attention.

The government timely responded to petitioner's motion (Doc. 25). In response to petitioner's allegations, the government noted, "[p]etitioner once again is attempting to supplement his petition by filing a Motion for Summary Judgment or Partial Summary Judgment as prescribed by Rule 56(a) of the RULES FOR CIVIL PROCEDURE. The Rules that govern Section 2255 proceedings are specifically set forth in the Federal Criminal Code and Rules, under the section appropriately entitled 'RULES-SECTION 2255 PROCEEDINGS.' Accordingly, this Court should once again deny [p]etitioner's attempt to supplement the record."

The Court agrees with the government's perception of petitioner's motives. Nevertheless, as to the merits of petitioner's motion for summary judgment,

summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); FED. R. CIV. P. 56. Petitioner's motion merely expounds upon the alleged facts of his Section 2255 petition, without relevant or credible evidence in support. Petitioner attached a self-serving affidavit reiterating portions of the factual allegations of his Section 2255 petition; such affidavits carries zero weight in determining the merits of petitioner's motion. *See Albiero v. City of Kankakee,* 246 F.3d 927, 933 (7th Cir. 2001) ("Self-serving affidavits without factual support in the record will not defeat a motion for summary judgment.") (citation and quotation marks omitted). Further, petitioner provides documents referencing the involvement of Officer Dooley in the investigation of his criminal case. The Court in its denial of petitioner's claims, in addition to the Seventh Circuit, have given petitioner's claims in reference to Officer Dooley more than their adequate share of judicial attention (*See* Doc. 28, pp. 9-12); *see also United States v. Fuller*, 421 F. App'x 642, 645-46 (7th Cir. 2011). Once again, the Court reiterates that Officer Dooley's subsequent conviction is irrelevant to petitioner's criminal convictions. Thus, as petitioner's motion clearly did not demonstrate relief as a matter of law, this Court's thorough and thoughtful denial of his previously filed Section 2255 petition correctly mooted petitioner's summary judgment motion. Accordingly, the fact this Court did not "adjudicate" said motion "on the merits," was not a manifest error of law.

The remainder of petitioner's grievances merely demonstrates his disagreement with this Court's denial of his Section 2255 petition. Instantly, he re-alleges and expands upon the factual basis of his claims. In reviewing the merits of petitioner's claims, this Court thoroughly and methodically contemplated the factual and legal allegations presented.  As petitioner presented claims either foreclosed from review or claims of ineffective assistance of counsel completely inadequate to satisfy the burden required of either *Strickland* prong, *Strickland v. Washington,* 466 U.S. 668, 694 (1984), this Court correctly denied petitioner's Section 2255 petition. Thus, as petitioner has not presented a manifest error of law or newly discovered evidence, *Sigsworth*, 487 F.3d at 511-12, but merely, "rehash[es] previously rejected arguments," *Caisse,* 90 F.3d at 1270, the Court **DENIES** his motion for reconsideration (Doc. 30).

Further, because the Court issues a final order, it will also deny a certificate of appealability as to the motion for reconsideration. A certificate of appealability is required before a habeas petitioner may appeal an unfavorable decision to the Seventh Circuit Court of Appeals. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b). The Court denies a certificate of appealability, as reasonable jurists would not debate that the denials of both petitioner's Section 2255 petition and his instant motion to reconsider are proper. *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (stating, "a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, . . . reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in

a different manner or that the issues presented were "adequate to deserve encouragement to proceed further") (citation and quotation marks omitted). Thus, for the reasons stated above, in addition to the reasons recited in this Court's denial of petitioner's Section 2255 petition, the Court **DENIES** a certificate of appealability as to the Court's instant denial of petitioner's motion to reconsider.

### III. CONCLUSION

**IT IS ORDERED** that petitioner's motion to reconsider is **DENIED** (Doc. 30). Further, the Court also **DENIES** a certificate of appealability as to the motion for reconsideration.

**IT IS SO ORDERED.**

Signed this 6th day of June, 2012.

Digitally signed by
David R. Herndon
Date: 2012.06.06
14:38:15 -05'00'

**Chief Judge**
**United States District Judge**