IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MONTEZ L. FULLER,

    Petitioner,

v.                                              Case No. 10-cv-267-DRH

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

    Pending before the Court is petitioner Montez L. Fuller's motion for recusal (disqualification) of judge for bias pursuant to 28 U.S.C. § 455 (Doc. 32). Petitioner contends the "trial judge has developed a lengthy history of failing to adjudicate petitioner[']s motions on the merits and refusing to [h]onor [o]pinions and law setforth[sic] to follow from the higher court and based all of the rulings in [petitioner's] case contrary to law and has joined teams with U.S. Attorney in securing [petitioner's] conviction."

    Petitioner's motion is **DENIED**, as there are currently no matters pending before the Court. Alternatively, petitioner has put forth no allegations that would support recusal. Under 28 U.S.C. § 455, a judge should recuse if he has a personal bias or prejudice against the litigant. The inquiry under § 455(a) is based on an objective standard. *Liteky v. United States,* 510 U.S. 540, 548

(1994). Thus, the inquiry turns on "whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996) (citation omitted). "The decision whether a judge's impartiality can 'reasonably be questioned' is to be made in light of the facts as they existed, and not as they were surmised or reported." *Cheney v. United States District Court for the District of Columbia*, 541 U.S. 913, 914 (2004) (quoting *Microsoft Corp. v. United States*, 530 U.S. 1301, 1302 (2000)). As the inquiry is based on a reasonable person standard, as opposed to that of "a hypersensitive or unduly suspicious person," trivial risks of perceived impartiality are insufficient to warrant recusal. *See Hook*, 89 F.3d at 354 (citation omitted).

The Court has ruled on the merits of petitioner's § 2255 petition, in addition to numerous other motions of petitioner. Petitioner is obviously displeased with the Court's previous rulings. However, petitioner's displeasure or disagreement is not an adequate basis for recusal. Thus, as no actions are currently pending before the Court and petitioner has not demonstrated allegations warranting recusal, petitioner's motion is **DENIED** (Doc. 32).

**IT IS SO ORDERED.**

Signed this 18th day of June, 2012.

Digitally signed by David R. Herndon
Date: 2012.06.18 13:44:15 -05'00'

**Chief Judge**
**United States District Judge**