IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MONTEZ L. FULLER,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.  Civil Case No. 10-cv-267-DRH
Criminal Case No. 06-cv-30117-DRH-1

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

Pending before the Court is petitioner Montez L. Fuller's motion for void judgment for a jurisdictional defect and lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 60(b)(4) and motion to reopen his § 2255 to cure a defect in the proceedings (Doc. 64). Fuller brings this motion as yet another attempt to vacate his conviction and §2255 judgment.[1] Based on the following, the Court **DISMISSES** the motion for lack of jurisdiction.

### I. Background

---

[1] Fuller first filed a § 2255 petition on April 12, 2010, which the Court denied after briefing completed (Doc. 28). Next, he filed a motion to reconsider, which was also denied (Doc. 31). Thereafter, he appealed the Court's order denying his § 2255 petition and the Seventh Circuit affirmed this Court's denial of his § 2255 petition (Doc. 45). Following the Seventh Circuit's ruling, Fuller filed a motion to reopen (Doc.47), which the Court, once again, denied (Doc. 50). He then appealed, and the Seventh Circuit, once again, denied his appeal (Doc. 62). After the Seventh Circuit's mandate came down (Doc. 62), Fuller then filed the motion at issue (Doc. 64).

On August 30, 2007, a jury convicted Fuller of aggravated bank robbery, in violation of 18 U.S.C. § 2113(a) and (d)(2) (Counts 1 and 3) and of using a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1) and (2) (Counts 2 and 4). (*USA v. Fuller et al*, 06-cr-30117, Docs. 249-252). Fuller was sentenced to 564 total months incarceration on Counts 1-4. Fuller received 125 months on Count 1 and 180 months on Count 3, to be served concurrently. He also received 84 months on Count 2, to run consecutively to Counts 1 and 3, and 300 months on Count 4, to run consecutively to Count 2. Additionally, the Court sentenced Fuller to five years of supervised release, ordered restitution in the amount of $58,316.00, and ordered a special assessment in the amount of $400.00 (06-cr-30117, Doc. 339). Fuller filed an appeal after sentencing, but the Seventh Circuit Court of Appeals affirmed his conviction and sentence. See *United States v. Fuller*, 306 F. App'x 297, 298-99, 301 (7th Cir. 2009), *cert. denied*, 129 S. Ct. 2037 (2009).

On April 12, 2010, Fuller filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The government responded to Fuller's motion on January 25, 2011 (Doc. 10). Thereafter, the Court denied and dismissed with prejudice Fuller's § 2255 motion on the basis that his claims lacked merit (Doc. 28). Fuller then filed a motion for reconsideration, which the Court denied (Doc. 31). Following the reconsideration motion Fuller appealed the Court's Order to the Seventh Circuit. The Seventh Circuit, in their order denying Fuller's appeal, stated that they "reviewed the final order of the district court and

the record on appeal. We find no substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2)." (Doc. 45-1). Fuller then sought to reopen his § 2255 motion under the guise of bringing new claims specifically attacking his 18 U.S.C. § 924(c) convictions (Doc. 47), which the Court denied (Doc. 50) and Seventh Circuit affirmed (Doc. 62). Fuller then filed the motion at issue seeking to void the judgment for a jurisdictional defect and lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 60(b)(4) and also reopen his § 2255 to cure a defect in the proceedings pursuant to *Gonzalez v. Crosby*, 545 U.S. 524, 7 (2005) (Doc. 64).

## II. Law

In *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005), the United States Supreme Court found that, in many circumstances, a motion brought under Rule 60(b) of the Federal Rules of Civil Procedure will properly be found to be a successive habeas petition which should be treated accordingly. Specifically, a motion will be categorized as a successive habeas petition if it "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Gonzalez*, 545 U.S. 532. However, a petitioner may bring a Rule 60(b) motion, following the denial of a habeas petition, "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim

on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.*

### III. <u>Discussion</u>

Section 2255 authorizes a federal prisoner to file a motion to vacate, set aside, or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack [.]" *United States v. Carraway*, 478 F.3d 845, 848-49 (7th Cir. 2007) citing 28 U.S.C. § 2255 ¶ 1. Fuller's motion seeking to void judgment and to reopen his Title 28 U.S.C. § 2255 (Doc. 64) seeks relief from his sentence on the very types of grounds identified above. Specifically, he alleges that judgment in both his criminal and civil habeas case should be void due to lack of subject matter jurisdiction. He also alleges an "actual defect" in his criminal case exists, thus resulting in a denial of his right to due process.

Because Fuller already moved for relief pursuant to section 2255, this attempt to challenge his sentence, even though entitled a motion for void judgment for a jurisdictional defect and lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 60(b)(4) and motion to reopen his § 2255 to cure a defect in the proceedings, is an impermissible second or successive 2255 petition. A petitioner may seek further review of his conviction and sentence only with certification from the Seventh Circuit Court of Appeals. See 28 U.S.C. § 2255, ¶ 8; *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir.1996). There is nothing in the

record to establish that Fuller has sought and obtained a certification from the Seventh Circuit Court of Appeals. Therefore, the Court **FINDS** that Fuller's motion is a successive motion within the meaning of § 2255. On this basis, his motion is **DISMISSED for lack of jurisdiction**. *See United States v. Carraway*, 478 F.3d 845, 849 (7th Cir. 2007).

To the extent Fuller seeks relief under Federal Rule of Civil Procedure 60(b)(4), his arguments fail. First, Rule 60(b) provides no basis for relief from a judgment in a criminal case. See, e.g., *United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir.1999); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir.1998).

Second, although under *Gonzalez* a § 2255 petitioner may use Rule 60(b) to challenge some defects in the § 2255 proceedings, where, as here, the Rule 60(b) motion attacks the underlying conviction or sentence, a district court must dismiss it for lack of jurisdiction. See, e.g., *Curry v. United States*, 507 F.3d 603, 604 (7th Cir.2007), cert. denied, 128 S.Ct. 2925 (2008)(" Often a prisoner will file a motion under Rule 60(b) of the civil rules, that is, a motion to reconsider a judgment, but the ground of the motion and the relief he seeks will mark the motion as functionally a petition for habeas corpus or a motion under section 2255, because it challenges the legality of his detention and seeks his release. If so, it will be treated as such. *Gonzalez v. Crosby*, 545 U.S. 524, 530-32, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). "Prisoners cannot avoid the ... rules [governing federal post-conviction remedies] by inventive captioning.... [T]he name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855,

857 (7th Cir.2004).") On this basis, to the extent Fuller seeks relief under Rule 60(b) his motion is **DISMISSED for lack of jurisdiction**.

## IV. Certificate of Appealability

Under Rule 11(a) of THE RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A habeas petitioner does not have an absolute right to appeal a district court's denial of his habeas petition; he may appeal only those issues for which a certificate of appealability has been granted. *See Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). For a court to issue a certificate of appealability, a petitioner must make a "substantial showing of the denial of a constitutional right," meaning, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); 28 U.S.C. § 2253(c)(2).

Reasonable jurists would not debate that this petition is a successive collateral attack brought without the required pre-authorization. Therefore, the Court shall not issue a certificate of appealability.

## V. Conclusion

For the reasons as discussed herein, petitioner Fuller's motion for void judgment for a jurisdictional defect and lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 60(b)(4) and motion to reopen his § 2255 to cure a

defect in the proceedings (Doc. 64) is hereby **DISMISSED for lack of jurisdiction**. A certificate of appealability shall not issue.

**IT IS SO ORDERED.**

Digitally signed by Judge David R. Herndon
Date: 2017.10.04 14:59:32 -05'00'

**United States District Judge**